IN THE UNITED STATES DISTRICT COURT FOR
             THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *

SUPER SERVICE, INC.,
                                    *
        Plaintiff,
                                    *      CIVIL NO.: WDQ-07-0473
v.
                                    *
DAP, INC.,
                                    *
        Defendant.
                                    *

*       *       *       *       *       *       *       *       *       *       *       *       *

                         MEMORANDUM OPINION

        In this diversity action, Super Service, Inc., ("Super")

sued DAP, Inc., ("DAP") to recover shipping costs.  Pending is

DAP's motion to dismiss for *forum non conveniens*.  For the

reasons discussed below, the motion will be denied.


I.   Background

        DAP, a Maryland Corporation, hired Delta Services

Corporation ("Delta"), an Illinois Corporation, to arrange cargo

transportation for DAP.  On November 4, 2002, Delta contracted

with Super, a Michigan corporation with principal place of

business in Kentucky, to transport DAP's goods (the "D-S

Contract").  Delta failed to pay Super for shipments delivered

between September 2005 and November 2005.  Super now seeks to

recover these amounts from DAP.

                                   1

II.  Analysis

DAP cites 28 U.S.C. § 1404 and *forum non conveniens* as the basis for its motion to dismiss, or, in the alternative, to transfer the case to the Eastern District of Kentucky.  Congress has codified *forum non conveniens* in section 1404 and "has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."  *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 127 S.Ct. 1184, 1190-91 (2007).  Congress intended the statute "to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and [it] was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D. Md. 2002)(citations omitted).  The decision to transfer is within the sound discretion of the district court.  *Id.*

A district court should decide such motions on an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Organization, Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*citing Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th

Cir. 1984) (*citing Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).  DAP must show, by a preponderance of the evidence, that the balance favors transfer.  *Helsel v. Tishman Realty & Const. Co., Inc.*, 198 F.Supp.2d 710, 711 (D. Md. 2002).  Specifically, the Court should consider: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Lynch*, 237 F.Supp.2d at 617.

DAP's motion is supported by a two-and-one-half page memorandum and a brief affidavit which offers minimal evidence and conclusions of law made by David Schweon, the "Director of Logistics" of DAP.  DAP's showing is wholly insubstantial and does not detail why or to what extent DAP "will be inconvenienced by allowing the case to remain in the district where it was brought."  *Helsel*, 198 F.Supp.2d at 712 (internal quotations omitted).  Moreover, "assertions of hardship, without affidavits from the parties and/or witnesses who are purportedly going to be inconvenienced, is insufficient to convince the court that venue should be changed."  *Id*.

A.   Plaintiff's Choice of Venue

In general, "a plaintiff's choice of forum is given considerable weight unless none of the conduct complained of occurred in the forum and the forum has no connection with the matter in controversy."  *Cole-Tuve, Inc. v. American Machine*

*Tools Corp.*, 342 F.Supp.2d 362, 370 (D. Md. 2004).  As DAP is in Maryland and some shipments arrived here, considerable weight is accorded Super's decision to sue in Maryland.

B.   Convenience of Witnesses

DAP asserts that because Super is from Kentucky the parties would have greater access there to witnesses, "the majority of whom are likely to be available in and subject to the compulsory process of that Court."  Mem. Supp. Mot. 3.  DAP failed to identify a single witness in its motion and its reply primarily contests Super's examples of witness convenience in Maryland. Moreover, DAP admits that Schweon, the only employee at DAP with knowledge of this matter, is located in Baltimore, Maryland.

DAP has identified two potential witnesses in Kentucky, but has not offered any evidence of their inconvenience which could overcome their employer's--Super's--decision to sue in Maryland. DAP has also identified employees of Delta in Illinois and argued that they are not subject to the subpoena power of this Court. That these witnesses are located in Illinois does not establish that Kentucky is a more appropriate forum.

C.   Convenience of Parties

DAP's desire to transfer this case from its home state to Super's home is curious.  Convenience of the parties is a neutral factor because Maryland is home to the defendant and

4

Kentucky is home to the plaintiff.

D.   Interest of Justice

This factor "includes, *inter alia*, 'the court's familiarity with applicable law.'"  *Lynch*, 237 F.Supp.2d at 618 (*quoting Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1260 (E.D. Va. 1988)).  Although DAP argues that the D-S Contract controls and contains a choice of law clause stating that Kentucky law applies, it is not clear that Kentucky law controls the suit as Super seeks to recover under an implied contract between itself and DAP and other claims that do not clearly require the application of Kentucky law.  As DAP has failed to demonstrate that Kentucky law controls, this factor does not favor transfer.

III. Conclusion

As DAP has failed to demonstrate that transfer would be more convenient to witnesses, convenience to the parties is neither improved nor hindered by transfer, and the interests of justice do not favor transfer, the Court will deny DAP's motion.

July 17, 2007                          _____/s/_____
Date                          William D. Quarles, Jr.
                             United States District Judge